**FILED**

JUN 18 2015

STEPHEN C. WILLIAMS
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NUMBER: 15-mj-7058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Filed Under Seal** |
| | ) | |
| LAWRENCE MONTGOMERY FOLTZ, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT

I, Nicholas M. Ponsano, the undersigned complainant being duly sworn state the following

is true and correct to the best of my knowledge and belief:

## COUNT 1
### Interstate Threats

On or about June 9, 2015, in St. Clair County, within the Southern District of Illinois,

**LAWRENCE MONTGOMERY FOLTZ,**

defendant herein, knowingly and willfully did transmit in interstate commerce from St. Clair

County, Illinois, to the District of Columbia, a fax to the Supreme Court of the United States

containing a threat to injure the United States Marshal for the Southern District of Illinois, in a

communication which made references to "Federal Marshall [sic] Sleezink" and which further

stated, "I have in my possession a service twelve gauge and a service side arm.   I am the

personification of the concrete noun effective.   I am trained to attack and kill Heinrich Himmler

(Sleezinik) and his Schutzstaffel." in violation of Title 18, United States Code, Section 875(c).

## COUNT 2
### Threats to a Federal Official

On or about June 9, 2015, in St. Clair County, within the Southern District of Illinois,

### LAWRENCE MONTGOMERY FOLTZ,

defendant herein, did threaten to assault and murder the United States Marshal for the Southern District of Illinois, a Federal Law Enforcement Officer, while engaged in the performance of official duties and with intent to impede, intimidate, and interfere with the United States Marshal while engaged in the performance of official duties and with intent to retaliate against the United States Marshal on account of the performance of official duties, in violation of Title18, United States Code, Section 115(a)(1)(B).

I further state that I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and that this complaint is based on the following facts:

1. I have been a Special Agent (SA) with the Federal Bureau of Investigation (FBI) for one year, and am vested with the authority to investigate violations of Federal laws, including Titles 18 and 21 of the United States Code. I also have approximately five years prior Federal law enforcement experience as a Staff Operations Specialist employed with the FBI, and was enlisted in the United States Marine Corps prior to that. I am currently assigned to the Springfield Division of the FBI, Fairview Heights, Illinois Resident Agency and have primary investigative responsibilities for violent and drug crimes occurring in the Southern District of Illinois.

2.  The statements contained in this affidavit are based on my investigation, as well as information derived from reports and interviews of the law enforcement officers and witnesses named herein.

3.  On June 10, 2015, at approximately 11:40 AM, I was alerted to a threatening communication which was sent via fax on June 9, 2015 by Lawrence Montgomery Foltz (FOLTZ), a resident of O'Fallon, Illinois, born in 1954.

4.  The two page fax communication was marked from Lawrence M. Foltz and signed by a "L.M. Foltz", "LAWREENCE M. FOLTZ/Green-Nigger (18th ABC Type)" and was sent from a phone number with area code 618 to a fax number with area code 202 at the United States Supreme Court, on June 9, 2015. The communication was entitled "FEDERAL SMALL CLAIM: FOLTZ V. AUSCHWITZ IV, IL 62269. Re: U.S. Constitution and Existing U.S. Supreme Court Rulings." Marked Urgent.

5.  In paragraph one of the communication, FOLTZ names "Federal Marshall Sleezinik," and several others as being members of a "Nazi-Narcotic-Nigger-Network" operating in and around Scott Air Force Base.

6.  In paragraph three of the communication, FOLTZ states that, "I have in my possession a service twelve gauge and a service side arm. I am the personification of the concrete noun effective. I am trained to attack and kill Heinrich Himmler (Sleezinik) and his Schutzstaffel."

7.  In paragraph four of the communication, FOLTZ requests the return of $1,300 and service equipment "stolen" from him by a Mayor and Federal Marshall Sleezinik.

Once said money and equipment are returned, "Foltz v. Auschwitz IV, IL 62269 Federal Small Claim is settled."

8. I know the United States Marshal named in the communication as United States Marshal for the Southern District of Illinois Donald Slazinik (SLAZINIK). SLAZINIK is referred to as "Federal Marshal Sleezinik" and "Heinrich Himmler."

9. FOLTZ is sending the communication to state his grievances, recover monetary compensation, and recover his "service equipment." It is believed that the threat to Kill SLAZINIK is FOLTZ' way of accomplishing his demands.

10. The monetary compensation and service equipment are believed to be derived from a 2007 arrest by O'Fallon Police Department. FOLTZ was arrested for aggravated assault when he confronted a neighbor with a shotgun. FOLTZ was sentenced to one year of court ordered supervision in St. Clair County, Illinois, ordered to pay court costs and fines, and had his firearms seized. Shortly thereafter, FOLTZ' Illinois Firearms Identification card (FOID) was revoked by the Illinois State Police (ISP).

11. FOLTZ is the subject of several previous police reports. On May 15, 2007 the O'Fallon Police Department documented an accusation by FOLTZ's neighbor, who complained that FOLTZ was harassing him. On October 10, 2007, FOLTZ got into an argument with this same neighbor, as explained in paragraph 10, regarding a parking space on a public street. FOLTZ confronted the neighbor with a shotgun while FOLTZ was in possession of a .45 caliber handgun tucked into his waistband at the small of his back. The O'Fallon Police Department seized both and FOLTZ was ultimately convicted of aggravated assault, a misdemeanor. On December 2, 2007 the

4

O'Fallon Police Department documented a complaint that FOLTZ was making harassing telephone calls to the office of an Illinois Supreme Court Justice. The O'Fallon Police Department also documented on April 13, 2008 that FOLTZ was making repeated telephonic contact with military officials at Ft. Bragg, North Carolina that was considered to be harassment. During an eight month period, it was estimated that FOLTZ was calling five to eight times per day, asking to speak with the General and inquiring about returning to active duty.

12. On November 30, 2010, FOLTZ entered the O'Fallon Police Department building and requested that his firearms be returned for the incident resulting in his arrest. He made a reference to defending his life by use of deadly force. The Police Department went to FOLTZ' home to speak with him. FOLTZ referenced the victim in the aggravated assault case, his neighbor, as a "narcotic nigger." FOLTZ said that earlier that day, the neighbor again parked on his side of the street, and FOLTZ took this to be a threat. In the opinion of the officer who wrote the report, FOLTZ possessed paranoid thoughts consisting of a complex conspiracy. This conspiracy consisted of a narcotic drug ring involving high ranking military officials, Congress, and the President of the United States.

13. On April 8, 2015, the O'Fallon Police Department documented FOLTZ' recent contacts with O'Fallon City Hall and city officials which dated back to February, 2015. FOLTZ requested the return of his firearms and compensation of approximately $1,300 cash. In the report, it is noted that FOLTZ is observed in showing possible signs or symptoms of mental illness.

14. On April 23, 2015, FOLTZ went to O'Fallon City Hall and asked for his equipment and $1,300. He indicated that he wanted to schedule a meeting with the Mayor, the Chief and Federal Marshal Slazinik and that if they would not agree to release his items then he would be forced to file a federal lawsuit. On April 24, 2015 a letter was sent by the O'Fallon City Attorney to FOLTZ informing him that his firearms cannot be returned without a court order and valid FOID card. On April 28, 2015, FOLTZ again went to City Hall and asked for a meeting with the Mayor and federal Marshal Slazinik to have his inventory returned to him. When asked if he had received the letter from the City Attorney, FOLTZ said he was not dealing with any lower people and would only communicate with the Mayor and Federal Marshal Slaznik.

15. Materials provided to me regarding FOLTZ' efforts to obtain access to his seized firearms include letters he sent on February 24, 2015, April 27, 2015, and May 01, 2015 to a judge at the St. Clair County Courthouse. FOLTZ states that his federal claim can be settled with the Mayor and Federal Marshall Sleezinik if he is paid monies and if his service equipment is returned to him. FOLTZ opines that Marshal Slaznik has the authority to represent the O'Fallon Police Chief in connection with the return of FOLTZ' weapons to him.

16. On, June 12, 2015, FOLTZ admitted to me that he sent the fax communication to the United States Supreme Court on June 9, 2015, knowing the implications it would cause, stating that he did so to "get attention". FOLTZ acted on his own free will without the assistance of any other person. FOLTZ further admitted to utilizing the threat of violence against SLAZINIK to secure his firearms and $1,300 cash. FOLTZ

also surrendered to me a Smith and Wesson .357 revolver and an Orion 12 gauge flare

gun together with rounds of .38 caliber ammunition.

FURTHER AFFIANT SAYETH NAUGHT.

NICHOLAS M. PONSANO
Special Agent, Federal Bureau of Investigation

State of Illinois            )
                             )   SS.
County of St. Clair          )

        Sworn to before me, and subscribed in my presence on the _18th_ day of _June_,

2014, at East St. Louis, Illinois.

STEPHEN C. WILLIAMS
United States Magistrate Judge

STEPHEN R. WIGGINTON
United States Attorney

SUZANNE M. GARRISON
Assistant United States Attorney